**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CASE NO. PJM 13-0327** |
| | ) | |
| **RACHEL ONDRIK** | ) | |

**UNITED STATES OF AMERICA'S MOTION**
**TO DISMISS APPEAL AND STAY BRIEFING SCHEDULE**

The United States of America, by and through its undersigned counsel, hereby moves to dismiss the appeal filed by the defendant, Rachel Ondrik, on the ground that she waived her right to appeal the sentence imposed in this case pursuant to her plea agreement with the government. As grounds for this motion to dismiss, the government states as follows:

**FACTUAL BACKGROUND**

On April 30, 2013, the defendant entered a plea of guilty to a Criminal Information filed against her which charged her with a single count of Submission of a False Official Writing by an Officer of the United States in violation of 18 U.S.C. § 1018, a Class "A" misdemeanor offense. *See* Plea Agreement, attached as Exh. A, at 1, see also Transcript of April 30, 2013, Plea Hearing, attached as Exh. C.   Pursuant to her written plea agreement with the government, the United States and the defendant expressly waived their right to appeal whatever sentence was imposed by the magistrate court so long as the sentence's imprisonment component was within the range provided for by offense level 10. See Exh. A at 6.   The plea agreement contained the following waiver-of-appeal language:

> The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range,

1

the determination of the Defendant's criminal history, the weighing of the
sentencing factors, and the decision whether to impose and the calculation of any
term of imprisonment, fine, order of forfeiture, order of restitution, and term or
condition of supervised release), except as follows: (i) the Defendant reserves the
right to appeal any term of imprisonment to the extent that it exceeds the maximum
term of imprisonment provided for by offense level **10**; (ii) and this Office reserves
the right to appeal any term of imprisonment to the extent that it is below the range
of imprisonment provided for by offense level **10**.

Exh. A at 6.

As detailed in the Statement of Facts appended to the Plea Agreement, the defendant and

her co-defendant were both investigative federal law enforcement officers in series 1811 with the

Department of Commerce Inspector General's Office until they resigned as part of their plea

agreements with the government. *See* Exh. B (Statement of Facts), Exh. A at 1 (resignation

requirement).   The defendant acknowledged in her plea agreement that her position – which she

had held for 12 years – "require[d] knowledge of criminal investigative techniques, rules of

criminal procedures, laws, and precedent court decisions concerning the admissibility of evidence,

constitutional rights, search and seizure, and related issues…." Exh. B at 1.

During the guilty plea hearing on April 30, 2013, the district court engaged in a colloquy

with the defendant, as required by Federal Rule of Criminal Procedure 11.   *See* Exh. C at 6-24.

After the magistrate court advised the defendant and her co-defendant of all the trial rights they

were giving up by pleading guilty and ensuring that her plea was supported by a factual basis that

satisfied the elements of the charged offense, the government asked to put on the record the

specifics of the appeal waiver to which the defendant and the government had agreed in her plea

agreement.   *See* Exh. C at 21-22.   The magistrate court and the defendant were advised that:

Both defendants have knowingly waived the right to appeal the fact of their
conviction. They've also given up the right to appeal their sentence so long as the
sentence that the Court imposes is at or below the range provided for by Offense
Level 10 and the United States Attorney's Office has concurrently given up its right

2

to appeal any sentence that the Court imposes so long as it is at or above the range
provided for by Offense Level 10. Neither defendant gives up their right to appeal
an unlawful sentence such as one that exceeds one year in prison or one that is a
result of any kind of arithmetical technical, arithmetic or technical error.

After discussing the other aspects of the plea agreement, including the joint recommendation for fine and restitution amounts as well as a probationary sentence, the magistrate court asked the defendants whether the government's recitation of the "agreement I've heard [is] essentially the agreement reached?" Exh. C at 23.   After accepting her co-defendant's plea, the magistrate court turned to her counsel, and confirmed with him that "the agreement that has been explained to me, is that the defendant's agreement as well?"   Exh. C at 24.   To which the defendant's counsel, Mr. Abbenante, answered "It is, your Honor." After asking the defendant one final time whether she agreed with the government's proffered factual basis for her plea, the magistrate court made a factual finding that there was an adequate basis for the plea and found the defendant guilty.   Exh. C at 24.

At no time between the defendant's plea hearing on April 30, 2013, and her sentencing on June 19, 2013, did the defendant move to withdraw her guilty plea based on an alleged defect in the Rule 11 colloquy.

On June 19, 2013, the defendant was sentenced to an eight-month term of incarceration, to be followed by one year of supervised release, as well as ordered to pay $14,000 in restitution, a $28,000 fine, and a $25 special assessment.   *See* Judgment, attached as Exh. D.   Consistent with the plea agreement, the government had recommended that the magistrate court sentence the defendant to a period of probation with a six month home detention component.   See Transcript of June 19, 2013, Sentencing Hearing, attached as Exh. E, at 11-12.   Although the magistrate court disagreed with the joint recommendation of a probation disposition and instead imposed a

sentence of imprisonment, its sentence was still within the range provided for by the combination

of offense level 10 and Criminal History Category I, which is 6-12 months' imprisonment.

On July 20, 2013, the defendant filed a notice of appeal from the magistrate court's

judgment. ECF No. 1. On July 15, 2013, the defendant filed a brief in this court, in which she

advanced numerous arguments regarding the alleged deficiencies in the magistrate court's conduct

in support of the proposition that the magistrate court committed clear error in imposing the

sentence it did, which resulted in a violation of the defendant's Fifth Amendment right to Due

Process.   The defendant also argues that, if remanded for resentencing, this Court should assign

the case to a different judge.

This motion to dismiss addresses only the defendant's arguments that relate to the

enforceability of the appellate waiver.   In support of her argument that she is not bound by the

appellate waiver, she points to the fact that the appeal waiver allowed recourse to Rule 35 to

correct a sentence imposed in "clear error," and argues this is an appeal from the failure of the

magistrate court to correct her sentence *sua sponte* under that rule. Next, the defendant argues that,

in any case, she is not bound by her appeal waiver because the magistrate court used impermissible

factors in determining her sentence.   In that vein, she points only to the facts that the court used

higher figures than the agreed loss figures during its 3553(a) discussion, that it considered her to

have violated a position of trust, and that it – despite making a record to the contrary – relied on the

"victim statements" that the Government initially submitted on the Department of Commerce

Inspector General's Office behalf but then withdrew when it determined that government agencies

lacked standing to be heard as crime victims.

For the reasons stated below, none of these arguments has merit, and the government

4

respectfully requests that this Court dismiss the defendant's appeal.

## ARGUMENT

This appeal should be dismissed because the defendant knowingly and intelligently waived her right to appeal her sentence so long as the term of imprisonment was within the range provided for by offense level 10, and the sentence of imprisonment the magistrate court imposed was within that range.   Further, Rule 35 provides no avenue of relief for this defendant from the restrictions of her plea agreement's appeal waiver provision.   Finally, this appeal taken in spite of the waiver should be dismissed because the sentencing court used no recognized impermissible consideration, such as racial animus, in determining its sentence.

The appeal waiver found in the defendant's plea agreement in this case reads as follows:

> The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed ... **except** as follows: (i) the Defendant reserves the right to appeal any term of **imprisonment** to the extent that it exceeds the maximum term of imprisonment provided for by offense level **10**;

Plea Agreement at 6.   Because the imprisonment range provided by offense level 10 at criminal history category I is 6-12 months, and the magistrate court's 8-month sentence was within that range, the defendant has contractually waived her right to appeal from that sentence.

There is no indication from the record that the defendant's plea or agreement to the appellate waiver in her plea agreement was not made knowingly or intelligently. With narrow exceptions not relevant here (and explained further below), a defendant's waiver of her right to appeal a conviction or sentence is valid and enforceable if such waiver was knowingly and intelligently made.   *See United States v. Blick*, 408 F.3d 162, 168-171 (4th Cir. 2005); *United States v. General*, 278 F.3d 389, 399-401 (4th Cir. 2002); *United States v. Attar*, 38 F.3d 727, 731

(4th Cir. 1994).   If a party files an appeal despite a knowing and intelligent waiver of that party's right to appeal, the proper remedy is the dismissal of the appeal.   *See United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992)*.*

In this case, the record makes clear that the defendant entered into a plea agreement with the government which contained a valid waiver of appeal provision.   The plea agreement's waiver provision is similar to the appeal waiver approved by the Fourth Circuit in *United States v. Johnson*, 410 F.3d 137, 149-50 (4th Cir. 2005).   The Fourth Circuit has also denied relief under 28 U.S.C. § 2255 to a petitioner who sought to overcome an appeal dismissed because of the plea agreement's clearly-worded waiver of the right to appeal.   *See United States v. Linder*, 552 F. 3d 391, 396-97 (4th Cir. 2009).

At the defendant's Rule 11 hearing, the court and government covered all salient aspects of the plea agreement with the defendant orally, specifically drawing the defendant's attention to the waiver provision.   *See Blick*, 408 F.3d at 169 ("Although [the determination whether the waiver was knowingly and intelligently made] is often made based on the adequacy of the plea colloquy – specifically, whether the district court questioned the defendant about the appeal waiver – the issue ultimately is evaluated by reference to the totality of the circumstances." (internal quotation marks omitted)); *see also General*, 278 F.3d at 400-01 (holding that defendant knowingly and intelligently waived his right to appeal even though the "district court did not . . . mention the appellate waiver provision or inquire specifically into whether [the defendant] understood the significance of the waiver provision").   Moreover, after the government placed the appeal waiver's provisions on the record, the defendant's counsel acknowledged to the magistrate court that this fairly summarized the agreement's terms.   Exh. C at 24.

Additionally, the defendant was represented by competent counsel at the time that she negotiated the plea agreement and at the time she entered the guilty plea itself. *See Attar*, 38 F.3d at 731 (noting the significance of being represented during a guilty plea). The defendant did not indicate or request that her plea was conditional by reserving her right to appeal the issue she now presents, nor did the government agree to a conditional plea. In short, the waiver provision which is the subject of this motion is exactly the type of knowing waiver which the Fourth Circuit views as "valid and enforceable." *Attar*, 38 F.3d at 732.

The knowing and voluntary nature of the defendant's entry into the plea agreement is further evidenced by her counsel's active participation in the proceedings. Besides her counsel's agreement with the magistrate court over the specific features of the written plea agreement discussed by the prosecutor – including the waiver of appeal provision, the defendant's counsel also petitioned the magistrate court for relaxed travel restrictions for his client pending her sentencing. Exh. C at 27-28. The defendant, moreover, in the plea agreement itself, and then during the guilty plea colloquy, acknowledged that she was satisfied with the representation of her attorney. *See* Exh. A at 8; Exh. C at 21. Additionally, during the plea colloquy neither the defendant nor her attorney evinced any confusion with the appellate waiver or with any other part of the plea agreement. Therefore, based on the record before this Court, there is no indication that the defendant's waiver of her right to appeal his sentence was anything but knowing and intelligent.

Finally, as this Court is to consider the entire facts and circumstances surrounding a plea when considering whether it was made knowingly and intelligently, *Blick*, 408 F.3d at 169, the defendant's nearly 12 years of service as a federal investigative special agent cannot be ignored in

this regard.   Although the government does not have information on how many Rule 11 hearings the defendant participated in as a case agent where appeal waivers were discussed, the defendant must be considered at the very high end of sophistication when it comes to evaluating her ability to understand the legal terminology and effect of provisions in her written plea agreement, the federal criminal justice process, and the impact of the U.S. Sentencing Guidelines on her sentence. Considering the defendant's background and the fact that both the Rule 11 colloquy and the written plea agreement – both of which she assented to – made express the impact of her appeal waiver, it is clear that the defendant made a knowing and intentional relinquishment of her rights to appeal both her conviction and the sentence imposed in this case.

Thus, the defendant's attempt to evade the restrictions of her plea agreement's appeal waiver now by fashioning her appeal as an appeal from denial of Rule 35(a) relief is wholly unpersuasive.   The defendant never moved the Court to correct sentence under Rule 35(a) within the requisite time period; instead, the defendant suggests that because the court can, *sua sponte*, correct a sentence under Rule 35(a), that its failure to take such *sua sponte* action is appealable separate and apart from an appeal taken under 18 U.S.C. § 3742.   Def. Br. at 15.

Regrettably, the defendant cites *United States v. Shank*, 395 F.3d 466 (4th Cir. 2005), in support of this curious proposition.   That opinion provides no such support, and indeed stands for the opposite proposition.   Unfortunately for the defendant's argument, *Shank*'s defendant *had* filed a motion to correct sentence under Rule 35 within the then-governing seven day time period. *Shank*, 395 F.3d at 468.   Rather than deciding the issue the defendant cites it as authority for here, the question the *Shank* opinion addressed was whether the district court had jurisdictional discretion to act on that motion after the seven day period had ended, not whether its failure to act

8

*sua sponte* was appealable.

Significantly, the Fourth Circuit's decision in *Shank* actually compels the conclusion that a court's refusal to grant a motion under Rule 35 does not create a new final judgment to appeal from, but, instead, signals that the only recourse for a defendant denied Rule 35(a) relief is to seek review of his sentence through the ordinary appellate review process under 18 U.S.C. § 3742. Thus, in *Shank*, while the defendant eventually appealed from denial of his Rule 35 motion, he did so well after the 14 day period in which he had to appeal his sentence to the Fourth Circuit. *Id*. at 470. "Because Shank did not note his appeal [to the Fourth Circuit] within this time period, and because the district court lacked jurisdiction to resolve his Rule 35 motion when it did—five months after he filed that motion—we must dismiss Shank's appeal." *Id*. Accordingly, this Court must consider the defendant's appeal as an ordinary appeal – one that the defendant contractually agreed to waive her right to seek.

Next, the defendant argues that her appeal waiver is unenforceable because the magistrate court's sentence was based on the use of an "impermissible criterion" at sentencing to the point where her constitutional rights were violated, citing the court's focus during sentencing on its assessment that the defendant had abused her position of trust in committing fraud against the United States and citing the total amount of tainted claims the defendant made during its discussion of the seriousness of her offense. Def. Br. at 17. The defendant also claims that, despite responding on the record that it was not considering statements filed by the defendant's former agency chiefs in fashioning her sentence, that this somehow violated her Fifth Amendment right to Due Process. Def. Br. at 17-18.

Again, unfortunately for the defendant, her situation does not fall within any recognized

limit that can be placed on her otherwise valid waiver of appeal.   For example, the defendant was not sentenced to a term of imprisonment that exceeds the maximum penalty provided by statute, nor does she contend that her sentence was based on any previously recognized impermissible factor, such as race, or her plea entered without counsel in violation of the Sixth Amendment.   *See Attar*, 38 F.3d at 732; *Marin*, 961 F.2d at 496 (finding that a waiver was enforceable where the defendant was contesting the application of a sentencing guideline factor, and where he was not alleging that the sentence exceeded the maximum possible penalty or that the sentence was based on an impermissible factor).   Moreover, there is no credible allegation by the defendant, nor is there any indication in the record, that the defendant was afforded ineffective assistance of counsel or that the government engaged in any misconduct that would warrant this Court's creating an exception to that waiver in this case.   *See Attar*, 38 F.3d at 732.   Rather, the defendant is simply unhappy that the sentence she received is more onerous than what she and her counsel had expected when she agreed to plead guilty and, in filing this appeal, she is choosing to selectively ignore a provision of the plea agreement that she has deemed to be disadvantageous to her.

For these reasons, the United States respectfully requests that the Court dismiss the instant appeal.   To allow the defendant to pursue review of her conviction and sentence as to which she expressly waived her right to seek any review, would contravene the very purpose of the inclusion of such provisions in plea agreements and would "eliminate the chief virtues of the plea system – speed, economy and finality."   *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990) (*quoting Blackledge v. Allison*, 431 U.S. 63, 71 (1977)).

The United States further requests that the briefing schedule be stayed while this motion to dismiss is pending.   The United States has consulted with the defense counsel, who opposes the

motion to dismiss but consents to the motion to stay the briefing schedule.

## **CONCLUSION**

For the foregoing reasons, the United States of America respectfully requests that this

Court stay the briefing schedule and dismiss the instant appeal.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


By:___//signed//_____
    Adam K. Ake
    Assistant United States Attorney
    6500 Cherrywood Lane
    Greenbelt, Maryland   20770

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 26th day of July, 2013, a copy of the foregoing Government's Motion to Dismiss was electronically filed and delivered via ECF to:

Leslie McAdoo Gordon
McAdoo Gordon & Associates, P.C.
1140 19th St. NW, Suite 602
Washington, DC 20036


_____//signed//_____
Adam K. Ake
Assistant United States Attorney