IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
|     Appellee | * | |
| v. | * | Criminal No: 13-327-PJM |
| RACHEL ONDRIK | * | |
|     Appellant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### RACHEL ONDRIK'S OPPOSITION TO THE UNITED STATES' MOTION TO DISMISS APPEAL

Appellant, Rachel Ondrik, by and through counsel, and hereby opposes the United States' Motion to Dismiss Appeal. Because Ms. Ondrik's claims on appeal fall outside the scope of the plea agreement's appeal waiver provision, the Motion to Dismiss should be denied.

To determine whether an appeal waiver provision governs a particular appeal, the court must examine the <u>claim</u> raised by the defendant on appeal. *United States v. Weon*, 2013 U.S. App. LEXIS 14446, *10 (4th Cir. 2013) ("[W]e will enforce an appellate waiver provision against a defendant <u>only</u> if that provision is clearly and unambiguously applicable to the issues raised by the defendant on appeal.") (Emphasis added.) Ms. Ondrik's appeal is based on a claim that the sentencing court violated her 5th Amendment Due Process Rights by relying on clearly erroneous facts and by considering inaccurate and unreliable information

when issuing her sentence. Ms. Ondrik also raises a claim in her appeal that the sentencing court erred in failing to correct the clear error in her sentence pursuant to Federal Rule of Criminal Procedure Rule 35(a). Neither of these claims is covered by the appeal waiver in Ms. Ondrik's plea agreement.

The United States argues at length in its Motion that Ms. Ondrik knowingly and intelligently waived her right to appeal in the plea agreement.  Ms. Ondrik has not argued that the waiver in her plea agreement was not knowingly and intelligently made.  "[T]he real dispute here is not about the general validity of the waiver-of-appeal-rights provision, but about its scope." *United States v. Attar*, 38 F.2d 727, 732 (4th Cir. 1994). The plea agreement's waiver provision simply does not apply to the claims Ms. Ondrik is making on appeal.  "Even a knowing and voluntary waiver of the right to appeal cannot bar the defendant from obtaining appellate review of certain claims." *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005). "[A] defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations." *Id.* "And appellate courts refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice. *Id.* (internal quotation and citation omitted).  An appeal waiver will not be enforced where the alleged sentencing error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Hahn*, 359 F.3d 1315, 1329 (10th Cir. 2004) (internal citation omitted).

Likewise, the United States' argument that Ms. Ondrik cannot appeal because her situation does not fall under a recognized exception to the plea agreement's appeal waiver provision completely ignores the case law, which makes clear that a defendant has a due process right to be sentenced on the basis of accurate information. *See United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948); *United States v. Dalzell,* 455 Fed. Appx. 306, 310 (4th Cir. 2011) ("We have emphasized that Supreme Court precedents recognize a due process right to be sentenced only on information which is accurate."). A sentence is unreasonable and subject to reversal if it is based on clearly erroneous facts. *Gall v. United States,* 552 U.S. 38, 51 (2007). Moreover, a sentence that is based on erroneous facts constitutes plain error affecting the defendant's substantial rights. *See United States v. Pileggi,* 361 Fed. Appx. 475, 478 (4th Cir. 2010). Accordingly, it is beyond the scope of an appeal waiver. *See United States v. Zakrzewski,* 462 Fed. Appx. 421, 430 (4th Cir. 2012) (appeal of restitution order was outside the scope of defendant's appeal waiver where the restitution amount was not based on defendant's plea agreement or his criminal conduct).

Moreover, the United States misstates Ms. Ondrik's reliance on *United States v. Shank,* 395 F.3d 466 (4th Cir. 2005) regarding her claim under Federal Rule of Criminal Procedure 35(a). *Shank* makes clear that, pursuant to Rule 35(a), a sentencing court can correct a clear error in a sentence *sua sponte* within 14 days

after the imposition of sentence.[1] *See Shank*, 395 F.3d at 468. Although the United States is correct that the defendant in *Shank* was foreclosed from appealing the denial of his Rule 35 motion <u>after</u> the time period for him to file a Notice of Appeal had lapsed, that is not an issue in Ms. Ondrik's case. Ms. Ondrik timely filed her Notice of Appeal within the required 14 day time period. Ms. Ondrik's plea agreement contained a provision which preserved her right to invoke Rule 35(a) and to appeal a sentence imposed which resulted from clear error. (Plea Agreement ¶ 16). Since the plea agreement preserved Ms. Ondrik's right to raise such claims, Ms. Ondrik has not waived her right to challenge the sentencing court's failure to correct the clear error in her sentence under Rule 35(a). Thus, Ms. Ondrik's claim regarding Rule 35(a) is properly before the court.

## CONCLUSION

For the foregoing reasons, Ms. Ondrik has not waived her right to appeal the claims raised in this appeal, and she therefore respectfully requests that the United States' Motion to Dismiss be denied.

---

[1] At the time *Shank* was decided, the time period for a court to correct a sentence under Rule 35 was seven days. Rule 35 has since been amended to extend the time period to correct the sentence to 14 days.

Respectfully submitted,

_____/s/_____
Leslie McAdoo Gordon
McAdoo Gordon & Associates, P.C.
1140 19th St. NW, Suite 602
Washington, DC 20036
(202) 293 0534 telephone
(202) 478-2095 facsimile
leslie.mcadoo@mcadoolaw.com


_____/s/_____
Thomas Abbenante
1919 Pennsylvania Avenue NW
Suite 200
Washington, DC 20006
(202) 223-6539 telephone
Tabbenante@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendant Rachel Ondrik's Opposition to United States' Motion to Dismiss Appeal has been served electronically on this 5th day of August 2013, on the following:

Adam Kenneth Ake
Office of the United States Attorney
6500 Cherrywood Ln Ste 400
Greenbelt, MD 20770
301-344-4433
Fax: 13013444516
Email: adam.ake@usdoj.gov


_____/s/_____

Leslie McAdoo Gordon
McAdoo Gordon & Associates, P.C.
1140 19th St. NW, Suite 602
Washington, DC 20036
(202) 293 0534 telephone
(202) 478-2095 facsimile
leslie.mcadoo@mcadoolaw.com